UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-27 (SRN/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEMARLO DONTRELL HUDSON,

    Defendant.

**ORDER OF DETENTION**

This matter came before the Court on October 1, 2020 upon the motion of the United States. The Defendant was present and represented by his attorney, Christa Groshek. The United States was represented by Assistant United States Attorney Jeffrey S. Paulsen.

The Defendant is awaiting trial on charges that he distributed a thousand fentanyl pills and possessed with the intent to distribute another 479 fentanyl pills. He is now charged in a Petition for Action on Conditions of Pretrial Release with numerous violations of the conditions of his pretrial release. The Court held an evidentiary hearing on these allegations on October 1, 2020.

Based upon the evidence presented at the detention hearing, and on the arguments of counsel, the Court concludes that there has been a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community, and a showing by a preponderance of the evidence that no conditions or combination of conditions of bond will reasonably ensure the defendant's appearance in court. Accordingly, the Court will grant the government's motion for detention.

## FINDINGS OF FACT

According to the testimony of Pretrial Services Officer Krystal Taylor, the defendant has committed numerous violations of the conditions of his pretrial release.

First, the defendant has tested positive for controlled substances on 10 separate occasions. The drugs for which he has tested positive are methamphetamine, ecstasy, and marijuana.

Second, the defendant failed to appear for random drug testing on eight separate occasions. On another occasion, he submitted a urine sample that was so diluted it could not be reliably tested.

Third, the defendant was directed to obtain a chemical dependency assessment on September 4, 2020, but failed to report for his scheduled assessment.

Fourth, the defendant was placed on location monitoring on September 4, 2020 in response to these repeated violations. He was given an 8:00 p.m. to 8:00 a.m. curfew. He violated the curfew on three separate occasions: September 4, September 20, and September 26, 2020.

Fifth, the defendant has failed to respond to alerts on his GPS device on five separate occasions between September 5, 2020 and September 28, 2020.

Sixth, in addition to these violations, Ms. Taylor testified that there is an active warrant for the defendant's arrest from Cerro Gordo County, Iowa for failing to appear in a drug case that was commenced in 2015.

Seventh, the government introduced evidence that, on September 24, 2020, a search warrant was executed at the defendant's current residence. Among other items, two bags of marijuana were seized.[1]

## DISCUSSION

Under 18 U.S.C. § 3142, pretrial detention may be ordered either upon a clear and convincing showing that release will result in a danger to the community or upon a showing by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). The Court finds that detention is justified under both of these criteria.

The indictment in this case establishes probable cause to believe that the defendant distributed and possessed with the intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1). A rebuttable presumption therefore arises that no condition or combination of conditions will reasonably ensure the defendant's appearance in court and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A). The defendant has offered no evidence to rebut this presumption.

Even without the presumption, the Court concludes that detention is warranted. Danger to the community is evident from the defendant's alleged involvement in large scale fentanyl trafficking. The Eight Circuit Court of Appeals has recognized that drug

---

[1] The Government proffered at the detention hearing that the defendant is a suspect in the attempted murder of a government informant in this case, which occurred just five days after a hearing in this case in which the informant's role was the subject of testimony. Although the Court is extremely concerned about these allegations, the Court finds it unnecessary to rely on them for purposes of this order.

dealing in and of itself constitutes a danger to the community.  Sazenski, 806 F.2d at 848.  Given the defendant's poor record on pretrial supervision to date, there are no conditions or combination of conditions that would adequately ensure the safety of the community.

The risk of flight also is substantial.  As documented in the report of Pretrial Services, the defendant has a lengthy record of failing to appear for court.  His repeated curfew violations in this case are a further indication of his risk of non-appearance in that they demonstrate he fails to be at the location where he is court-ordered to be.  Given the lengthy sentence the defendant is facing if convicted, he has a strong incentive to flee.

## CONCLUSION

Based upon the evidence presented, the Court concludes that the government has made a clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community.  In addition, the Court finds that the government has shown by a preponderance of the evidence that no condition or combination of conditions of bond will reasonably ensure the defendant's appearance in court.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4.  Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: October 2, 2020                     *s/David T. Schultz*
                                            Honorable David T. Schultz
                                            United States Magistrate Judge