UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Demarlo Dontrell Hudson,<br><br>Defendant. | Case No. 0:20-cr-00027 (SRN/DTS)<br><br>**Order** |

David P. Steinkamp, Justin A. Wesley, and Quinn Hochhalter, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

Jordan S Kushner, Law Office of Jordan S Kushner, 431 S 7th Street, Ste 2446, Mpls, MN 55415, for Defendant.

Ashley Doss, 15609 60th Avenue North, Plymouth, MN 55447, Pro Se Movant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Return of Seized Property [Doc. No. 119] filed by non-party movant Ashley Doss. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** in part, **DEFERS** in part, and **DENIES WITHOUT PREJUDICE** in part the motion.

I.   BACKGROUND

On December 10, 2019, officers entered Defendant Demarlo Hudson's home, which he shared with Movant, his girlfriend, Ashley Doss. While lawfully executing a search warrant therein, officers took several items from the home, included (1) a Smith and

1

Wesson handgun and case[1]; (2) $1,700 in U.S. currency; (3) $2,042 in U.S. currency; (4) an Apple iPad; (5) an Apple iPhone; and (6) a Cash Cow lottery ticket. Ms. Doss petitions the court for an order to return these items of seized property to her, pursuant to Fed. R. Crim. P. 41(g).

The Government concedes that item four, the iPad, belongs to Ms. Doss, and that it may be returned to her. It contests the other items for two reasons: items one through three are subject to an order of forfeiture and therefore her claim to these items can only be adjudicated through an "ancillary proceeding," and items five and six do not belong to Ms. Doss. (Gov.'s Resp. [Doc. No. 146].) Ms. Doss appears to concede that the U.S. Currency is the subject of the Government's request for forfeiture. (Doss Reply "Reply" [Doc. No. 154].)

**II.   DISCUSSION**

Federal Rule of Criminal Procedure 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return," and requires the court to hold a hearing on "any factual issue necessary to decide the motion." Where there is a fact dispute regarding who has custody or is entitled to possession of the subject property, the court must hold a hearing to determine those issues. *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000).

---

[1] Ms. Doss describes the firearm as a "Smith & Wesson M+P 9mm handgun and gun case[, b]oth with serial number HNB8741 S&W pistol."

There appears to be a fact dispute regarding the ownership interest of the iPhone and the lottery ticket. In Ms. Doss's affidavit, she testifies that both belong to her, and that she purchased both with her own funds. (Doss Decl. [Doc. No. 120] at 2.) She also testifies that she provided the lottery ticket to Defendant to redeem the winnings on her behalf, but has not transferred any "rights of the proceeds of the ticket" to Defendant. (Doss Decl. at 2.) The Government denies the items belong to Ms. Doss. (Gov.'s Resp. at 6.) It relies on Special Agent Cannizzaro's affidavit in which he testifies the iPhone was seized from the Defendant, and that the lottery ticket was signed by Defendant. (Cannizzaro Decl. [Doc. No. 147] at 2–3.) Because there is a fact dispute regarding the ownership of these items, the court will hold an evidentiary hearing to determine who is entitled to possession of the property.

Federal Rule of Criminal Procedure 41(g) is limited by 21 U.S.C. § 853(k), which mandates that third-party claims to property subject to criminal forfeiture be adjudicated through an "ancillary proceeding" which should follow a defendant's conviction in the related criminal case. *See Sunrise Acad. v. United States*, 791 F.Supp.2d 200, 203-04 (D.D.C 2011); *United States v. Puig*, 419 F.3d 700, 703 (8th Cir. 2005).

Several of the items in question are subject to forfeiture. Ms. Doss does not appear to contest that the currency is lawfully subject to forfeiture, but contests that the gun is subject to forfeiture, as it was not listed on the Indictment [Doc. No. 1] or the original Bill of Particulars [Doc. No 17]. However, Rule 32.2(a) of the Federal Rules of Criminal Procedure states that, "[t]he indictment or information need not identify the property

3

subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks."

The original indictment contained the following language:

"Upon conviction of either of Counts 1 or 2 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853(a)(l) and (2), any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of said violations, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations."

(Indictment [Doc. No. 1] at 2.) The original Bill of Particulars included similar language and added, "including $3,742 in U.S. Currency seized on December 10, 2019." The Government contends that the firearm was potentially used in furtherance of Defendant's alleged crime. (*See* Michael N. Cannizzaro Decl. [Doc. No. 147] at 2 ("Because the [firearm was] found in proximity to blue pills, cash, and a money counter, it is believed to be relevant evidence in Defendant Hudson's criminal case and appears to have facilitated the Defendant Hudson's criminal conduct as charged in Count 2 of the Indictment.").) Consequently, the firearm is lawfully subject to forfeiture.

Therefore, Ms. Doss's motion is not properly before the court at this time in relation to the currency and the firearm. *See* 21 U.S.C. § 853(k); Fed. R. Crim. P. ("Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."). Thus, the Court denies without prejudice her motion with respect to the currency and the Smith & Wesson handgun and gun case.

4

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Movant Ashley Doss's Motion for Return of Seized Property [Doc. No. 119] is **GRANTED** in part, **DEFERRED** in part, and **DENIED WITHOUT PREJUDICE** in part as follows:

    a.   Plaintiff shall return Ms. Doss's iPad;

    b.   The Court shall hold a brief evidentiary hearing to determine ownership of the iPhone and the Cash Cow Lottery Ticket at the time of the Pretrial Conference in this case: February 4, 2022 at 2:00 PM; and

    c.   Plaintiff shall retain possession of the (1) Smith & Wesson handgun and gun case; (2) $1,700 in U.S. currency; and (3) $2,042 in U.S. currency until an ancillary forfeiture proceeding takes place.


Dated: January 12, 2022

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge